## Reed v. Farmers' National Bank, Trustee, etc.

*Charles W. Kalp* and *Sydney J. Apfelbaum*, for plaintiff.

*Samuel Gubin* and *M. L. Harter, Jr.*, for defendants.

TROUTMAN, J., May 15, 1954.—Plaintiff, pursuant to the provisions of P. R. C. P. 4014, filed and served upon defendants a written request for certain admissions by them. The written request contains 20 different matters for which admissions are sought. An

answer was filed by defendants in which they admit for the purpose of this action only the matters requested in paragraphs 1 to 17, inclusive, of the written request for admission. They object to the requests contained in paragraphs 18, 19 and 20 and said objections are now before the court for disposition.

Rule 4014(*a*) provides as follows:

"A party may serve upon an adverse party a written request for the admission by him, for the purpose of the pending action only, of the genuineness of any writing, document or record, a copy of which is attached to the request, or incorporated therein by reference as provided by Rule 1019(g), or the truth of any fact relating to its authenticity, correctness, execution, delivery, mailing or receipt."

Subdivision (*b*) of the rule provides that a matter of which an admission is requested is admitted unless the adverse party within 10 days after service of the request serves upon the requesting party (1) a sworn denial or explanation why he cannot admit or deny the matter, or (2) objections to the relevance or competence of the matter or the scope of the request.

The scope of Rule 4014 is limited to documents and to facts connected with documents. Subdivision (*a*) permits inquiry into the opponent's position respecting the genuineness of the document, or the truth of any fact relating to its authenticity, correctness or execution. These four categories cover various aspects of the same issue, namely: Will the opponent, at the trial, attack the genuineness of the document, dispute the accuracy of its contents, or question the validity of its execution? Or, in opposite terms, will the opponent concede the document and its contents, subject only to possible objections to its relevancy, materiality, competency and general admissibility?

Defendants object to the request for admission contained in paragraph 18 for the reason that the request

is beyond the scope of the rule in that it does not request the admission of the genuineness of any writing, document or record, or the truth of any fact relating to the authenticity, correctness, execution, or delivery of a writing, document or record. In the eighteenth paragraph, plaintiff requests defendants to admit that plaintiff's bonds were presented to and examined by defendants, as trustees, and by the Montgomery Clinton School Association, as mortgagor, on or about May 23, 1944. Plaintiff is seeking to have defendants admit that plaintiff's bonds were presented and examined. He requests no admission respecting the genuineness of the bonds or any fact relating to their authenticity, correctness or execution. We conclude that such a request is not within the scope of Rule 4014 and defendants' objection must be sustained.

Defendants object to the request for admission contained in paragraph 19 of plaintiff's request for the reason that the request is beyond the scope of Rule 4014 and that the facts sought to be admitted in said request are irrelevant to any issue in this proceeding. Plaintiff's request in respect to the nineteenth paragraph is that defendants admit that the Montgomery-Clinton School Association passed a resolution at a special meeting held June 29, 1944, which meeting M. L. Harter, Jr., Esq., attended as defendants' attorney, to the effect that the school association instruct the trustee to pay any coupons past due which are a part of any valid bond that the association and trustee have examined or will examine when presented for payment, the association agreeing to provide the necessary funds for such payment without prejudice to the rights of either party.

Rule 4014 permits inquiry into the genuineness of any writing, document or record and in respect to the truth of any fact relating to its correctness. This language is sufficiently wide in its coverage to include minute books, letters and records of a school board or

other administrative body. In respect to an inquiry as to the truth of any fact relating to its correctness, the word "correctness" of a writing, document or record can only refer to its contents. See Goodrich-Amram Civil Practice, vol. III, pages 202, 203. We are of the opinion that the request is, therefore, within the scope of the rule. Defendants raise a question as to its relevancy. While it is difficult to pass upon the relevancy or competency of certain testimony preliminarily, the matters contained in said request appear to be relevant to the issues involved in this case. Any action or conduct on the part of the trustee in relation to plaintiff's bonds while he was the holder thereof would be relevant. Basically, Rule 4014 provides an extra-judicial device for the limitation of factual issues and the avoidance of unnecessary proof. We are of the opinion that the matters contained in the nineteenth paragraph of plaintiff's request are relevant to the issues in this case and the request should be answered by defendants. The question of relevancy may again be raised by the defendants at the trial. Defendants' objections to this request are overruled.

Defendants object to the request for admission contained in paragraph 20 of plaintiff's request for the reason that it seeks an admission of a legal conclusion and not an admission of fact as provided in Rule 4014. In the twentieth paragraph, plaintiff requests defendant to admit that certain bonds are valid obligations of the Montgomery-Clinton School Association. This rule does not contemplate an admission as to the validity or legal effect of a writing, document or record. It is improper for a request to require an admission of a question of law. As has been previously stated, the purpose of this rule is to expedite the trial and to relieve the parties of the cost of proving certain facts which will not be disputed at the trial and the truth of

which can be ascertained by reasonable inquiry. The defendants' objection must be sustained.

### Order

And now, May 15, 1954, defendants' objections to the eighteenth and twentieth paragraphs of plaintiff's request for admissions are hereby sustained and defendants' objection to the nineteenth paragraph of plaintiff's request for admission is hereby overruled, and defendants are directed to file an answer in respect to said nineteenth paragraph, if they so desire, within a period of 10 days from the date hereof. Let exceptions be noted for both plaintiff and defendants.